UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN JAMES PRUDEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMADOR COUNTY JAIL,<br><br>　　　　　Defendant. | No. 2:24-cv-0402 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

As set forth below, the motion to proceed in forma pauperis is denied as moot, and it is recommended that this action be dismissed for failure to exhaust administrative remedies without prejudice to plaintiff's re-filing of a new and separate civil action after he has fully complied with the exhaustion mandate of 42 U.S.C. § 1997e(a).

In Forma Pauperis

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) However, because the undersigned recommends that this action be dismissed for failing to exhaust administrative remedies, the motion to proceed in forma pauperis should be denied as moot.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Pursuant to the initial screening of a complaint under 28 U.S.C. § 1915A, a court may dismiss an action for failure to exhaust administrative remedies. See Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (affirming district court's sua sponte dismissal of prisoner's complaint because he failed to exhaust his administrative remedies). Thereafter, failure to exhaust is an affirmative defense that must be raised and proved by the defendant.  Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003).

Plaintiff's Complaint

Plaintiff alleges his Eighth Amendment rights are being violated by the housing accommodations at the Amador County Jail, which is severely overcrowded.  Since plaintiff's incarceration, he has been housed in the day room, first on a "boat" (plastic bed), and then moved to one of the six steel beds bolted to the wall in the dayroom.  Plaintiff has had to share toilets, showers, and sinks with other inmates.  Plaintiff claims that inmates' civil rights are overlooked causing mental, emotional, and physical stress, the "retaliation or lockdowns are depressing, anger has risen in all matters." (ECF No. 1 at 2.)  As defendants, plaintiff names Amador County Jail "staff," and he does not identify the relief sought.  (ECF No. 1 at 3-4.)

Discussion

It is obvious from the face of the complaint that plaintiff did not exhaust his administrative remedies prior to bringing this action.  (ECF No. 1 at 2.)

Plaintiff's claims challenging his conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983."  Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).  The Supreme Court has held that courts may not excuse an inmate's failure to exhaust administrative remedies prior to bringing suit under the PLRA, even under "special" circumstances.  Ross v. Blake, 136 S. Ct. 1850 (2016).

An action is subject to dismissal and plaintiff may not proceed in this action if he has not exhausted his administrative remedies prior to filing suit. See, e.g., Albino, 747 F.3d at 1162 (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); Bennett, 293 F.3d at 1098; Medina v. Sacramento Cty. Sheriff's Dep't, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim.") Regardless of the relief sought, a prisoner must exhaust administrative remedies before filing in federal court. Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross, 136 S. Ct. at 1857, 1859. In other words, exhaustion is a precondition to suit; exhaustion while the action is pending is insufficient. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). This requirement promotes the PLRA's goal of efficiency by: "(1) 'giv[ing] prisoners an effective incentive to make full use of the prison grievance process'; (2) reducing prisoner suits as some prisoners are 'persuaded by the proceedings not to file an action in federal court'; and (3) improving the quality of any remaining prisoner suits 'because proper exhaustion often results in the creation of an administrative record that is helpful to the court.'" Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (quoting Woodford v. Ngo, 548 U.S. at 94-95).

The Ninth Circuit has recognized that the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." Andres v. Marshall, 867 F.3d 1076, 1078 (9th Cir. 2017) (citing Nunez v. Duncan, 591 F.3d at 1226). In Ross, the Supreme Court agreed, holding that § 1997e(a) requires an inmate to exhaust only those grievance procedures "that are capable of use to obtain some relief for the action complained of." Ross, 136 S. Ct. 1850, 1859 (2016) (citation and internal quotation marks omitted). Andres, 867 F.3d at 1078. However, the Supreme Court also reinforced the exhaustion requirement:

> [T]hat language is "mandatory": An inmate "shall" bring "no action" (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies. . . . [T]hat edict contains one significant qualifier: the remedies must indeed be "available" to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust -- irrespective of any "special circumstances."

4

Ross, 136 S. Ct. at 1856 (internal citations omitted).

Here, plaintiff acknowledges that the Amador County Jail has administrative grievance procedures available but concedes he did not submit a request for administrative relief.  (ECF No. 1 at 2.)  Because it is clear from the face of plaintiff's complaint that plaintiff did not submit a grievance, it would be futile to grant plaintiff leave to amend.  Plaintiff must administratively exhaust his claims before bringing such claims in a civil rights action in this court.  Thus, it is recommended that this action be dismissed without prejudice to re-filing after exhaustion is complete.  See McKinney, 311 F.3d at 1200-01 (if a prisoner has not exhausted available administrative remedies before filing his federal suit, the court must dismiss the action without prejudice); Bennett, 293 F.3d at 1098 (affirming district court's sua sponte dismissal of prisoner's complaint for failure to exhaust administrative remedies).

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis be denied as moot; and

2. This action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 13, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/prud0402.fte.56